# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| NASH N. TUTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-091 |
| | ) | |
| SHALENA C. JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Nash N. Tuten has filed this 42 U.S.C. § 1983 action alleging constitutional violations during an ongoing state-court prosecution. *See generally* doc. 1. The Court granted his request to proceed *in forma pauperis*. Doc. 3. He has returned the required forms. *See* docs. 5 & 6. Accordingly, the Court proceeds to screen his Amended Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Tuten is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Before considering Tuten's substantive claim, the Court can quickly dispose of possible claims against "additional defendants." *See* doc. 1 at 4. Tuten's Complaint lists the City of Savannah, the State of Georgia, the Chatham County Public Defender's Office, and the "Sheriff Office." *Id.* Tuten fails to state a claim against any of those "additional defendants."

Tuten's Complaint is completely devoid of any substantive allegation against any of the "additional defendants."[1] *See* doc. 1 at 5, 9-

---

[1] Tuten does allege that "Katilyn Beck violated [his] attorney and clients prvivalege [sic] by exposing [his] medical records showing [his] injuries from the unlawful arrest," and that she was "in cohoots" with the prosecution. Doc. 1 at 10. To the extent that he alleges a claim against Beck, she is not a named defendant. *See id.* at 4. Moreover, to the extent that he may have a malpractice claim against Beck, the Court does not appear to have an independent basis for its subject matter jurisdiction. *Cf. Ray v. Tennessee Valley Auth.*, 677 F.2d 818, 825 (11th Cir. 1982) (court lacked subject matter jurisdiction over legal malpractice claim between two citizens of the same state). Since, as discussed below, Tuten has failed to allege any viable federal claim against any named defendant, to the extent that he might allege some state-law legal malpractice claim against Beck, the Court should decline to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(c) ("The district

2

11. The United States Supreme Court has explained that, although the pleading standard under the Federal Rules of Civil Procedure, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). The Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Characterizations of a defendant's conduct as unlawful are " 'legal conclusion[s]' and, as such, . . . not entitled to the assumption of truth." *Id.* at 680 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The lack of any factual allegations against the "additional defendants" is fatal to any claim that Tuten intended to assert against them.

---

courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)). Any amendment to add Beck as a defendant would, therefore, be futile.

Moreover, any claim against the State of Georgia is barred by the Eleventh Amendment. *See, e.g., Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). Even if it were not immune, states are not "persons" subject to suit under § 1983. *See, e.g., Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The Chatham County Sheriff's Office and the Chatham County Public Defender's Office are also not "persons" subject to suit. *See, e.g., Wooten v. Bohannon*, 2021 WL 5751440, at *2 (S.D. Ga. Nov. 10, 2021) (citing *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)) (recommending dismissal of claims against county sheriff's department because department was "not a 'person' subject to suit under § 1983"); *Anderson v. Jail*, 2016 WL 4579982, at *4 (S.D. Ga. Aug. 9, 2016) ("[C]ounty public defender's offices . . . are not 'persons' or entities that may be sued under § 1983," and collecting cases). To the extent that he seeks to sue individual public defenders, even when appointed by a state court, they do not act "under color of state law," for purposes of § 1983. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.

4

1985). Even if Tuten included factual allegations against those individuals and entities, therefore, his claims would fail.

Finally, to the extent that Tuten includes any allegations implicating the City of Savannah, they are limited to those inferring that it might employ an alleged tortfeasor. *See* doc. 1 at 5. Even where a municipality can be subject to suit under § 1983, such claims cannot be based solely on *respondeat superior* theories of liability. *See, e.g., Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). To the extent that he intended to assert a claim against the City of Savannah, solely as the named defendant's employer, that claim fails.

Accordingly, Tuten has failed to state a claim upon which relief may be granted against the City of Savannah, the State of Georgia, the Chatham County Public Defender's Office, or that Chatham County Sheriff's Office. To the extent that Tuten intended to assert a claim against those defendants any such claim is, therefore, is subject to

dismissal. 28 U.S.C. § 1915A(b). Any claim against those defendants should, therefore, be **DISMISSED**.

Tuten's substantive allegations concern what he contends are defects in a state-court prosecution, that commenced in March 2021, and appears to be ongoing. *See* doc. 1 at 5. He alleges that he was arrested on several charges, which were dismissed, but then "indicted . . . on [different] criminal charges." *Id.* He alleges the indictment was "without probable cause." *Id.* at 6; *see also id.* at 10. He seeks damages against an individual who appears to be an Assistant District Attorney. *See id.* at 6 (alleging defendant Burton "is a district attorney under Shalena C. Jones."). He also alleges that the Chatham County District Attorney was "negligen[t] . . . by not redressing the wrong which was done intentional [sic] by and from her office which violates [his] constitutional rights." *Id.*

Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly

used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281. (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted).

Tuten's allegations against both defendants are limited to their actions in presenting and prosecuting criminal charges against him. *See* doc. 1 at 5-6, 10-11. They fall squarely within the actions for which a

7

prosecutor is immune from suit. Defendants Burton and Jones are, therefore, immune from Tuten's claims for damages. Those claims should, therefore, be **DISMISSED**.[2] *See* 28 U.S.C. § 1915A(b)(2).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

---

[2] Though a *pro se* plaintiff normally should be given an opportunity to amend a pleading at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Tuten's claims arising from the officers' decision not to arrest the Hispanic male do not appear amendable. Nevertheless, Tuten is free to submit an amended complaint within the fourteen-day objections period, discussed below, if he believes he can address the defects in his pleading.

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Tuten has no funds available. *See* doc. 6. He, therefore, does not owe any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. The payment portion of this Order is to be

implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 28th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA